UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNA CHAITRAM,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PENN MEDICINE-PRINCETON MEDICAL CENTER,<br><br>　　　　　　　　Defendant. | Civil Action No. 21-17583 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　This matter comes before the Court on Defendant Penn Medicine-Princeton Medical Center's (the "Hospital") Motion for Reconsideration. (ECF No. 21.) Plaintiff Joanna Chaitram ("Chaitram") opposed (ECF No. 22), and the Hospital replied (ECF No. 25). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies the Hospital's Motion.

　　The Court need not recite the facts and instead adopts the background from its July 28, 2022 Memorandum Opinion ("Memorandum Opinion") denying the Hospital's Motion to Dismiss. *See Chaitram v. Penn Med.-Princeton Med. Ctr.*, No. 21-17583, 2022 WL 2987885, at *1 (D.N.J. July 28, 2022), ECF No. 17. The Hospital's Motion for Reconsideration zeroes in on the Court's ruling on Chaitram's standing to request injunctive relief under Title III of the Americans with Disabilities Act ("ADA") as well as on the sufficiency of her claims under Section 504 of the Rehabilitation Act of 1973 ("RA") and Section 1557 of the Affordable Care Act ("ACA").

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court made its original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

First, the Hospital avers that the Court's analysis of Chaitram's standing to assert the ADA claim must be amended to avoid a "manifest error of law and/or fact." (Hospital's Moving Br. 1, ECF No. 21-1.) In its Memorandum Opinion, the Court weighed four factors to determine standing: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the plaintiff's frequency of nearby travel; and (4) the definiteness of the plaintiff's plan to return. *See Chaitram*, 2022 WL 2987885, at *3. The Hospital takes issue with the Court's balancing of the first and fourth factors. (*See* Hospital's Moving Br. 1.)

Specifically, the Hospital now provides definitive proof in direct rebuttal to Chaitram's "demonstrably false" allegation, which the Court assumed when weighing the first and fourth standing factors, that the Hospital is *not* the closest medical center to Chaitram's home. (*Id.* at 3.)[1] The Hospital's evidence on this point is obviously, as the Hospital acknowledges, a belated attempt to address the Court's footnote in its Memorandum Opinion that the Hospital failed to provide such proof when the Court was initially deciding the Motion to Dismiss. (*See Chaitram*, 2022 WL 2987885, at *4 n.2; Hospital's Moving Br. 1.) But even taking judicial notice of this new fact, which Chaitram concedes, the Court does not find it renders Chaitram's standing a nullity and is, thus, not "dispositive" for purposes of reconsideration.[2] (*See* Chaitram's Opp'n Br. 3.) While the Court considered this allegation when weighing the first factor and, in part, the fourth factor, it relied on other allegations in the complaint as well. Indeed, the Court relied heavily on the fact that Chaitram has returned to the Hospital five times within three years for a chronic medical condition and alleges that she was not provided accommodations at any of these visits. *See Chaitram*, 2022 WL 2987885, at *4.

As for the RA and ACA claims, the Hospital contends that the Court failed to consider the Supreme Court's April 2022 decision in *Cummings v. Premier Rehab Keller, P.L.L.C.* ("*Cummings*"), in which the Supreme Court held that private actions to enforce the RA and the

---

[1] Chaitram requests permission to amend her complaint to allege that the Hospital is "close to her home rather than the closest." (Chaitram's Opp'n Br. 2 n.2, ECF No. 22.) The Court grants this request.

[2] Courts do not have to accept as true an allegation of fact in the complaint which contradicts facts of which the court may take judicial notice, such as the maps provided by the Hospital in this case showing the distance between Chaitram's home and certain medical centers. *See Sowemimo v. Thomas*, No. 09-639, 2009 WL 3806737, at *3 (W.D. Pa. Nov. 13, 2009) (citation omitted) ("Neither does the court have to accept as true any allegations of fact in the complaint which contradicts facts of which the court may take judicial notice."); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1099 (N.D. Cal. 2017) (citations omitted) (courts may take judicial notice of programs such as Google Maps).

ACA are not compensable for damages when the plaintiff alleges only emotional injury. (Hospital's Moving Br. 6; *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1572*, reh'g denied*, 142 S. Ct. 2853 (2022).) Because Chaitram alleges only, for example, that the Hospital's actions caused her to experience "shame, anxiety, frustration, emotional distress, fear and discrimination," the Hospital contends that Chaitram fails to state a claim upon which relief may be granted. (*See* Compl. ¶ 19, ECF No. 1; Hospital's Moving Br. 6.) But Chaitram requests not only emotional distress damages, but also injunctive and declaratory relief, compensatory damages, and any and all relief that may be necessary and appropriate. (Compl. ¶¶ 46-51.) In particular, Chaitram seeks injunctive relief and compensatory damages such as loss of opportunity damages, dignitary harm damages, and nominal damages. (Chaitram's Opp'n Br. 5.)

The Court agrees with Chaitram that *Cummings* does not foreclose compensatory damages under an expectation-interest theory for Chaitram's RA and ACA claims. The Court finds informative the post-*Cummings* decision *Montgomery v. D.C.*, which similarly dealt with the question of which damages were available to remedy the government's alleged failure to offer an accommodation to a disabled individual in the police custody context. *See Montgomery v. D.C*, No. 18-1928, 2022 WL 1618741, at *25 (D.D.C. May 23, 2022). There, the *Montgomery* court reasoned that "while [the plaintiff] cannot recover either emotional distress or reputation damages in light of *Cummings*, he may be able to recover some small amount of damages to compensate him for the opportunity he lost when he was denied the ability to meaningfully access and participate in his [police] interrogations." *Id.* at *25. The *Montgomery* court advanced this theory despite the plaintiff's failure to explicitly request expectation-interest damages in his complaint or summary-judgment briefing and despite the government's argument that the plaintiff waived any claim for such damages by not more forcefully asserting such a theory. *Id.* at *24 (rejecting the government's "main argument in opposition to [plaintiff's] claim for damages under this theory .

4

. . that, regardless of the theory's viability, [plaintiff] waived any claim he may have had by not more forcefully advancing the theory . . . ."); (*See* Chaitram's Opp'n Br. 6.) So too here does Chaitram have an expectation interest in the ability to fully participate in her own medical care through effective communication, which Chaitram alleges the Hospital denied to her. And while the Hospital attempts to distinguish similar cases relied upon by the *Montgomery* court, the Court finds these distinctions to be without a difference for purposes of the current Motion. (*See* Hospital's Moving Br. 6.) As this Court has already stated in its Memorandum Opinion, "these matters are more appropriately handled at the summary judgment stage *at the earliest*." See *Chaitram*, 2022 WL 2987885, at *5 (emphasis in original). Thus, the Court finds that in this context, Plaintiff's claims under the ACA and the RA are sufficient to state a claim for recovery for compensatory damages under a loss of opportunity theory.[3]

Because the Hospital has not shown a clear error of law or fact or manifest injustice, the Court denies the Hospital's Motion for Reconsideration.

**IT IS THEREFORE**, on this 8th day of November 2022, **ORDERED** as follows:

1. The Hospital's Motion for Reconsideration (ECF No. 21) is **DENIED**.

2. Chaitram may file an amended complaint by November 28th, 2022. The Court limits this leave to correcting the deficiency described in footnote one of this Memorandum Order.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] The parties also dispute whether Chaitram would be entitled to damages for dignitary harm or nominal damages. (*See* Chaitram's Opp'n Br. 5-8; Hospital's Reply Br. 4-8, ECF No. 25.) Because the Court finds that Plaintiff can state a claim for recovery for compensatory damages under a loss of opportunity theory, the Court declines to address these other forms of damages at this stage in the litigation.